IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01393–WYD–KMT

MICHAEL PAUL CONRAD,

      Plaintiff.

v.

THE EDUCATION RESOURCES INSTITUTE, a Massachusetts corporation, and
KEY BANK N.A. (f/k/a SOCIETY BANK, f/k/a AMERITRUST NATIONAL
ASSOCIATION), an Ohio corporation,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims for violations of the Colorado Fair Debt Collection Practices

Act (Colo. Rev. Stat. § 12–14–101) and well as common law claims of fraud, negligent

misrepresentation, abuse of process, defamation, intentional infliction of emotional distress,

intentional interference with contractual obligations, breach of contract, malicious prosecution,

and conversion.  This matter is before the court on "Defendant KeyBank National Association's

Motion to Dismiss Plaintiff's Complaint" (Doc. No. 18, filed November 24, 2008).

### STATEMENT OF THE CASE

      The following facts are taken from Plaintiff's Complaint and the parties' submissions

with respect to this Recommendation.  Between August 1988 and May 1991, Plaintiff attended

Whittier College School of Law in Los Angeles, California.  (Compl. and Req. for Trial by Jury,

¶ 13 [hereinafter "Compl."].)  Plaintiff states he obtained student loans in August of 1990 and March of 1991 in the amounts of $13,500 and $3,500 respectively and executed Promissory Notes in favor of Ameritrust Company National Association (succeeded in interest by KeyBank).  (*Id.* at¶¶5–6; Exs. 4A and 4B.)  Plaintiff asserts he attempted to pay his loans or to make arrangements for deferment or forbearance on his loans, but on August 11, 1993, he was notified by mail that The Education Resources Institute ("TERI") "had 'defaulted' Plaintiff's loans."  (*See id.*, ¶¶ 19–52.)  On or about August 10, 1993, and on or about August 17, 1993, TERI purchased from KeyBank the loan accounts at issue in this action, apparently under the terms of a guarantee agreement.  (*Id.* ¶ 77; Exs. 6 and 14A.)  TERI continued to attempt to collect the amounts due from Plaintiff for his student loan obligations.  (*See id.*, ¶¶ 79–84.)  Plaintiff states that between January 1994 and "on or about 1997," he had no contact with TERI.  (*Id.* at 12; ¶ 85.)  In October 1997, Plaintiff was sued by TERI for defaulting on his student loan obligations.  (*Id.*, ¶ 85; Ex. 1.)  On December 22, 1998, Plaintiff and TERI entered into a Stipulation regarding Plaintiff's payment of the principal and interest on the student loans, as well as court costs.  (*Id.*, ¶ 97; Ex. 17.)

Plaintiff asserts that beginning in May 2000, he attempted to consolidate his student loans and contacted TERI's attorney to obtain financial records necessary for the consolidation.  (*See id.*, ¶¶ 102–10.)  Plaintiff alleges TERI's attorney agreed to send the information, but failed to do so.  (*Id.*, ¶¶ 111–25.)  Plaintiff alleges ethical violations by TERI's attorney that appear to have nothing to do with Defendant KeyBank.  (*See id.*, ¶¶ 126–43.)  Plaintiff details alleged contact that occurred between January 2001 and April 2001 with TERI to receive his financial records.

(*See id.*, ¶¶ 144–51.)  Plaintiff then details contact by TERI and Van Ru Credit Corporation

regarding consolidation of his student loans, payments allegedly made by Plaintiff to Van Ru

Credit Corporation, and efforts by TERI to have judgment entered against him on the student

loans.  (*See id.*, ¶¶ 152–208.)

Plaintiff next gives an incomprehensible history of his alleged discovery of "fraud in the

Stipulation."  (*See id.*, ¶ 209–18.)  The alleged fraud apparently relates to the balance initially

represented to be owed by the Plaintiff under the Stipulation and the amount Plaintiff believes he

really owed.  (*See id.*, ¶¶ 209–10.)  Plaintiff does not give a date he discovered the alleged fraud,

but it apparently occurred at some point around July 10, 2001, at which time Defendant TERI's

counsel sent Plaintiff's financial information as requested by Plaintiff.  (*See id.*, Ex. 40.)

Plaintiff goes on to detail another incomprehensible history of the judgment entered against him

for his default on the Stipulation between September 19, 2002, and January 6, 2003 (*see id.*, ¶¶

219–28), at which time Plaintiff alleges he discovered another "fraud in the Stipulation" (*see id.*,

¶¶ 229–34).  Plaintiff claims that on March 2003, the defendants garnished his bank accounts

and alleges ethical violations by the defendants related to the garnishments.  (*Id.*, ¶ 235–42.)

Finally, Plaintiff asserts that on January 6, 2003, he discovered "bank/lending fraud" by

the defendants.  (*See id.*, ¶¶ 243–71.)  In July 2003, Plaintiff filed a formal complaint with the

United States Attorney's Office in Denver, Colorado.  (*Id.*, ¶ 260; Ex. 59.)  He also forwarded a

copy of the complaint to the Office of the Inspector General, who advised Plaintiff they had no

jurisdiction to pursue the claim on his behalf.  (*Id.*, ¶¶ 261–62.)  Plaintiff pursued his complaints

with the Federal Bureau of Investigation, the Colorado State Attorney General, the Federal Trade

3

Commission, and the Denver District Attorney's Office.  (*Id.*, ¶ 263–64.)  Plaintiff asserts that, following the investigations, the "undefended financial records indicate that 'Montana State University and Washington University' were the true recipients of the alleged loans and that Plaintiff was knowingly and wrongfully sued, threatened and defamed . . . in a . . . manner that was only discovered on January 6, 2003 and conclusively decided in May 2005."  (*Id.*, ¶ 271.)

Defendant KeyBank moves to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff does not assert any claims against KeyBank; (2) Plaintiff fails to specifically assert claims against the defendants in a manner sufficient to provide KeyBank fair notice of the plaintiff's claims; (3) Plaintiff's Complaint fails to plead fraud with particularity; (4) the Colorado Fair Debt Collection Practices Act ("CFDCPA") does not apply to original lenders such as KeyBank; and (5) Plaintiff's claims are barred by the statute of limitations.  (Def. KeyBank National Association's Mot. to Dismiss Pl.'s Compl. [hereinafter "Mot."] [filed November 24, 2008].)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on July 2, 2008.  (Compl.)  Defendant KeyBank filed its motion on November 24, 2008.  (Mot.)  Plaintiff filed his response on December 9, 2008. (Pl.'s Resp. to Def. Key Bank's Mot. to Dismiss Pl.'s Compl. [hereinafter "Resp."].)  Defendant KeyBank filed its reply on November 24, 2008.  (Def. KeyBank National Association's Reply Mem. of Law in Further Supp. of Mot. to Dismiss Pl.'s Compl. [hereinafter "Reply"].)  This motion is ripe for review and recommendation.[1]

_____

[1]It appears Defendant TERI was properly served on October 7, 2008 (Doc. No. 10) and filed a Suggestion of Bankruptcy pursuant to 11 U.S.C. § 101 and in accordance with 11. U.S.C.

## STANDARD OF REVIEW

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to

application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

---

§ 362, on April 10, 2009 (Doc. No. 36).  This case is stayed as to Defendant TERI.

**2.      *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual

allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v.

Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss,

means that the plaintiff pled facts which allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Id.*  The *Iqbal* evaluation requires two

prongs of analysis.  First, the court identifies "the allegations in the complaint that are not

entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare

assertions, or merely conclusory.  *Id.* at 1949–51.  Second, the Court considers the factual

allegations "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.  If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at

1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1.      *No Cause of Action Alleged Against Defendant KeyBank*

Defendant KeyBank moves for dismissal of Plaintiff's Complaint because Plaintiff has not adequately alleged any cause of action against it. The court agrees with the defendant that the Complaint should be dismissed for Plaintiff's failure to comply with Fed. R. Civ. P. 8(a). Rule 8(a) states that "[a] pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not contain a short and plain statement and there appears to be no set of facts upon which relief may be granted. *Monument Builders of*

*Greater Kan. City, Inc. v. Am. Cemetery Ass'n*, 891 F.2d 1473, 1480 (10th Cir. 1989)).  To satisfy the requirements of Rule 8,

> a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated . . . . [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In his lengthy and meandering sixty-five-page Complaint, Plaintiff references Defendant KeyBank and its predecessors Ameritrust National Association and Society Bank (also referred to as the "original lender") seven times.  (*See* Compl. at 1, ¶ 1 [asserting proper diversity jurisdiction in this Court]; 3, ¶2a [regarding Boulder County District Attorney's attempt to obtain information and mediate dispute, KeyBank's May 23, 2005 response, and alleged discovery of fraudulent nature of student loans]; 5, ¶ 5 [fact statement regarding loans disbursed by KeyBank]; 7, ¶ 20 [fact statement that Plaintiff never received contact from "original lender"]; 9, ¶ 45 [fact statement that no records exist regarding loan payments allegedly received by TERI and KeyBank]; 32, ¶ 268 [regarding May 23, 2005 letter sent to Boulder County District Attorney's Office from KeyBank].)  These statements are insufficient under Rule 8(a) as they are, at the very least, unspecific.  *See Doyle v. Cella*, No. 07–cv–01126–WDM–KMT, 2008 WL 4490111, at *6 (D. Colo. Sept. 30, 2008).  Plaintiff has failed to explain what KeyBank did to him; when KeyBank did it; how KeyBank did it; how the KeyBank's action harmed him; and, what specific legal right the plaintiff believes KeyBank violated.  *Nasious*, 492 F.3d at 1163.

Additionally, Plaintiff's Counts 10 and 14 through 19 assert allegations against Van Ru Credit Corporation, which is not a defendant in this action.  Counts 20 through 28, 30 through 33, 35, and 37 through 39 assert allegations against Defendant TERI only.  Counts 29, 34, and 36 assert allegations against TERI and Van Rue Credit Corporation only.  Plaintiff has failed to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949.  Plaintiff has completely failed to plead facts which would allow "the court to draw the reasonable inference that [Defendant KeyBank] is liable for the misconduct alleged."  *Id*.  In fact, Plaintiff has failed to make <u>any</u> allegations against Defendant KeyBank or its predecessors in <u>any</u> of his forty-nine claims for relief.  Accordingly, Plaintiff's claims against Defendant KeyBank are properly dismissed for failure to state a claim upon which relief can be granted.

### 2.     *Failure to Plead Fraud with Particularity*

Defendant also moves for Plaintiff's Counts 1 through 4 and 47 for Plaintiff's failure to meet the heightened fraud pleading standard set forth in Fed. R. Civ. P. 9(b).  Rule 9(b) requires that "'in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.'"  *Allen v. United Properties and Const., Inc.*, No. 07–cv–00214–LTB–CBS, 2008 WL 4080035, at *13 (D. Colo. Sept. 3, 2008) (quoting *Jurgens v. Abraham*, 616 F.Supp. 1381, 1386 (D. Mass. 1985)).  "Compliance with Rule 9(b) provides a defendant with fair notice of the plaintiff's claims and the factual grounds upon which they are based."  *Id.* (citing *United States v. Cheng*, 184 F.R.D. 399, 401 (D.N.M. 1998). "'Simply stated, a complaint must "set forth the time, place and contents of the false representation, the <u>identity of the party making the false</u>

statements and the consequences thereof."'" *Id.* (emphasis added) (quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997)).

The notes that Counts 1 through 3 and 47 clearly are fraud claims.  However, Claim 3 is a claim for negligent misrepresentation.  The theory of liability for negligent misrepresentation is one of negligence, rather than of intent to mislead.  *See Bloskas v. Murray*, 646 P.2d 907, 914 (Colo. 1982).  Thus, a claim for negligent misrepresentation should not be governed by the pleading standard set forth in Rule 9(b).  *City of Raton v. Arkansas River Power Auth.*, 600 F. Supp. 2d. 1130, 1143 (D.N.M. 2008).  *But see Van Leeuwan v. Nuzzi*, 820 F. Supp. 1120, 1123–24 (D. Colo. 1993) (dismissing negligent misrepresentation claim on the merits but finding in dicta that negligent misrepresentation claim must be pled with particularity).

Plaintiff's fraud claims do not specifically identify any defendants who may have committed fraud sufficient to satisfy Rule 9.  *Id.*  Plaintiff's conclusory allegations that "Defendant" or "Defendants" committed fraud is insufficient.  *Iqbal* at 1949–51.  Accordingly, Plaintiff's Counts 1 through 3 and 47 asserted as claims for fraud are properly dismissed for failure to state a claim upon which relief can be granted.

*3.*      *Statute of Limitations*

Finally, Defendants argue the Complaint should be dismissed because all causes of action are barred by the applicable statutes of limitations.  Because jurisdiction in this case is premised upon diversity of citizenship, this court applies the rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and looks to Colorado law to resolve whether claims are barred by the statute of

limitations.  *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945) (holding that statutes of limitations are considered substantive matters for purposes of the *Erie* doctrine).

### A.    CFDCPA Claims

The CFDCPA requires an action to be brought "within one year from the date on which [a] violation occurs."  Colo. Rev. Stat. § 12-14-113(4).  Plaintiff's Counts 14 through 43 are asserted under the CFDCPA.  In Claims 14, 15, 16, and 22, Plaintiff references a telephone call made to him by Van Ru on June 26, 2001.  (Compl., ¶ 431, 438, 440, 463.)  In Count 17, Plaintiff references another telephone call from Van Ru made on October 17, 2001.  (*Id.*, ¶ 442.)  In Count 20, Plaintiff states that Defendant TERI violated the rules of ethics in December 2000. (*Id.*, ¶ 452.)  In Count 22, Plaintiff alleges that an unspecified defendant sent him a letter dated April 6, 2000, "attempting to falsely show and prove that the Plaintiff was not complying with the terms of the Stipulation."  (*Id.*, ¶ 463.)  Count 23 references alleged conduct by Defendant TERI from June 2000 through June 2001.  (*Id.*, ¶¶ 467–474.)  Counts 24 through 29, 31, 32, and 34 allege additional conduct by Defendant TERI in June and July 2001.  (*Id.*, ¶¶ 476–500, 504–06, 518.)  In Count 35, Plaintiff alleges action taken by Defendant TERI in September 2002. (*Id.*, ¶ 521.)  In Count 39, Plaintiff states that Defendant TERI contacted him in January 1993 regarding his student loans and defaulted his student loans on August 1, 1993.  (*Id.*, ¶¶ 534, 536.) Plaintiff's Counts 40, 41, and 43 also reference contact between an unspecified defendant and the Plaintiff in 1993.  (*Id.*, ¶¶ 538, 540, 544.)

Plaintiff fails to allege any conduct related to the alleged CFDCPA that took place later than September 2002.  Accordingly, Plaintiff was required to file any claims under the CFDCPA

11

no later than September 2003. *See* Colo. Rev. Stat. § 12-14-113(4); *Cross v. Receivables Mgmt. Solutions, Inc.*, No. 04–cv–01493–MSK–PAC, 2006 WL 446083, at *2 (D. Colo. Feb. 21, 2006). Plaintiff's CFDCPA claims are barred by the statute of limitations and must be dismissed.

### B.    Fraud Claims

Colorado's three-year statute of limitations for fraud, misrepresentation, concealment, and deceit, Colo. Rev. Stat. § 13–80–101(c), governs such claims. *Full Draw Productions v. Easton Sports, Inc.*, 85 F. Supp. 2d 1001, 1010 (D. Colo. 2000). Such a cause of action accrues as of the date the fraud "is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(3). In Count 1, Plaintiff alleges fraudulent conduct by an unspecified defendant in August 2001. (Compl., ¶¶ 283, 288.) In Count 3, Plaintiff alleges he "discovered, in September 2002 and pursuant to Defendant's second Notice to Take Judgment, that Defendant committed another fraud . . . by creating a 'new' principal lump sum without notice or knowledge of Plaintiff." (*Id.*, ¶¶ 209–18, 305.) Plaintiff alleges that on January 6, 2003, he discovered "bank/lending fraud" by the defendants. (*See id.*, ¶¶ 243–71.) Plaintiff also alleges he discovered another "fraud in the Stipulation" on January 6, 2003. (*See id.*, ¶¶ 229–34.) Plaintiff has not alleged any fraudulent conduct that took place beyond January 6, 2003, the date he admits he discovered the alleged fraud, and, as such, any claims related to the alleged fraud should have been filed no later than January 2006. Colo. Rev. Stat. § 13–80–101(c); *Morgan v. Dain Bosworth*, 545 F. Supp. 953, 955 (D. Colo. 1982).

Plaintiff appears to argue that the statute of limitations should be tolled because the defendant "concealed" the existence of the causes of action. (*See* Resp. at 16.) The Colorado

12

Supreme Court has adopted the doctrine of equitable tolling of the statute of limitations "where the defendant's wrongful conduct prevented the plaintiff from asserting his [or her] claims in a timely manner." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo.1996). However, Plaintiff clearly states in his complaint that he discovered the alleged fraud, <u>at the very latest</u>, on January 6, 2003. (Compl. at 229–34.) Plaintiff has alleged no wrongful conduct committed by any defendant which may have prevented him from timely filing his fraud claims against them. Because "[t]he principle underlying equitable tolling [for wrongful concealment] is that a person should not be permitted to benefit from his or her own wrongdoing," Plaintiff's failure to file his fraud claims against the defendants within the limitations period cannot be saved under the doctrine of equitable tolling. *Dean Witter Reynolds, Inc.*, 911 P.2d at 1096–97. Therefore, his fraud claims are barred by the statute of limitations and should be dismissed.

### C.     *Tort Claims*

A two year statute of limitations applies to tort actions. Colo. Rev. Stat. § 13–80–102(1)(a). Plaintiff asserts tort claims in his Counts 4, 5, 6, 7, and 46. Count 4 relates to allegedly "false and misleading" information used to prepare the Stipulation entered into in 1998. (Compl., ¶ 97, 317.) Counts 5 and 6 relate to an alleged fraudulent "Notice to Take Judgment against Plaintiff on or about July 10, 2001." (*Id.*, ¶ 334, 341.) Count 7 relates to an unspecified defendant's filing of a Rule 69 motion for judgment on his student loan debt. (*Id.*, ¶¶ 349–361.) In Count 46, Plaintiff alleges that unspecified defendants "unlawfully and wrongfully exercise[d] dominion and control over payments made under the terms of the Stipulation, over money garnished from Plaintiff's bank account and paychecks." (*Id.*, ¶ 555.)

13

Plaintiff states he did not receive the first Notice to Take Judgment in a timely manner (*id.*, ¶ 341) and states that the "abuse of legal process" caused him to "unnecessarily respond to the false representations in the filing and suffer the embarrassment, humiliation and time to respond to this filing" (*id.*, ¶ 348). Plaintiff asserts he "inadvertently discovered the Rule 69 filing" in August 2001. (*Id.*, ¶ 353.) In Plaintiff's factual summary, he states he "filed his responsive motion to prevent the Court from entering Judgment against Plaintiff." (*Id.*, ¶ 203.) Defendant TERI then filed a second Notice to Take Judgment on September 19, 2002. (*Id.*, ¶ 219.) This motion was set for hearing on January 6, 2003, the date Plaintiff states he discovered the alleged "fraud in the Stipulation." (*Id.*, ¶¶ 2298–34.) Accordingly, this court finds Plaintiff's tort claims  4, 5, 6, 7 accrued, at the very latest, on January 6, 2003. As such, Plaintiff should have filed these tort claims no later than January 2005. As these tort claims are barred by the statute of limitations, they should be dismissed.

In addition, Plaintiff, in Count 46, alleges a claim for conversion that an unspecified defendant garnished his bank accounts in March 2003. (*Id.*, ¶ 235.) On June 6, 2003, the Boulder County District Judge entered an order denying Conrad's motion for preliminary injunction regarding his garnished bank accounts. (*Id.*, ¶ 242; Ex. 55.) Therefore, Plaintiff knew or reasonably ought to have known that the action accrued earlier than June 6, 2003. *See generally Michaelson v. Michaelson*, 923 P.2d 237, 242 (Colo. App. 1995)(finding the trial court properly dismissed a civil theft claim "since the record supports the trial court's findings and conclusions that the plaintiff did not bring her action within two years of when she knew or

14

reasonably ought to have known that the action accrued"), *rev'd on other grounds*, 939 P.2d 835.

As Plaintiff's conversion claim also is barred by the statute of limitation, it must be dismissed.

### D.      *Contract Claims*

A three-year limitations period applies to contract actions.  Colo. Rev. Stat. §

13–80–101(1)(a).  Colorado's general discovery rule provides that claims accrue when a plaintiff

knows or should know through reasonable diligence of both the injury and its cause.  *Micale v.*

*Bank One N.A.*, 382 F. Supp. 2d 1207, 1225 (D. Colo. 2005) (citing *Morrison v. Goff,* 91 P.3d

1050, 1058 (Colo. 2004).  "A claim for relief does not accrue until the plaintiff knows, or should

know, in the exercise of reasonable diligence, all material facts essential to show the elements of

that cause of action."  *Id.* (citing *Miller v. Armstrong World Indus., Inc.*, 817 P.2d 111

(Colo.1991)).  Plaintiff asserts contract claims in Counts 10 through 13.  Count 10 relates to

alleged "interference with contractual obligations" related to the Stipulation in June and July

2001.  (Compl., ¶¶ 383–86.)  In Count 11, Plaintiff alleges breach of contract, again related to

the Stipulation.  (*See id.*)  Count 12 is an anticipatory breach of contract claim related to

defendants' alleged intent to nullify the Stipulation.  (*Id.*, ¶¶ 404–423.)  Count 13 is a claim that

the Stipulation is invalid because there was no "meeting of the minds of the parties[s] as it

concerns an essential term – 'principal sum.'" (*Id.*,  ¶¶ 425–29.)  Again, these claims all relate to

Plaintiff's alleged discovery of "fraud in the Stipulation" in January of 2003.  (*Id.*, ¶¶ 229–34,

271.)  Therefore, as Plaintiff's contract claims accrued no later than January 2003, Plaintiff must

have filed them no later than January 2006.  Accordingly, Plaintiff's contract claims are barred

by the statute of limitations and should be dismissed.

### E.    Malicious Prosecution Claim

A two year statute of limitations applies to a malicious prosecution tort action.  Colo. Rev. Stat. § 13–80–102(1)(a).  The purpose of an action for malicious prosecution is to compensate a person sued in a malicious and baseless legal action for attorney fees, costs, "psychic damage" from shock of unfounded allegations in pleadings, and loss of reputation. *Walford v. Blinder, Robinson & Co.*, 793 P.2d 620 (Colo. App. 1990).  The requirement of a favorable resolution of the prior action applies to civil as well as criminal proceedings.  *Hewitt v. Rice*, 119 P.3d 541, 544 (Colo. App. 2004).  In Colorado, a claim for malicious prosecution does not accrue until the underlying proceeding is resolved in the plaintiff's favor.  *Vaughn v. Krehbiel*, 367 F. Supp. 2d 1305, 1312 (D. Colo. 2005) (citing *Allen v. City of Aurora*, 892 P.2d 333, 335 (Colo. App. 1994).  Plaintiff's malicious prosecution charge relates to the alleged wrongful filing of the original 1998 debt collection case in Boulder County District Court. (Compl., ¶ 551.)  Assuming, for the purposes of determining the date the statute of limitations accrues only, that Plaintiff received a "favorable resolution" when the Boulder County District Court "overturned" the ruling to garnish Plaintiff's bank accounts (*see id.*, ¶¶ 240–242, 271(g)(xiv)), this occurred on June 6, 2003.  (*Id.*, ¶ 242; Ex. 55.)  Therefore, Plaintiff's malicious prosecution claim accrued on June 6, 2003, and he would have had to file his malicious prosecution claim no later than June 2005.  Therefore, Plaintiff's malicious prosecution claim is barred by the statute of limitations and should be dismissed.

### F.      Defamation/Libel Claim

A one-year one-year statute of limitation applies to Plaintiff's defamation/libel claim.

Colo. Rev. Stat. § 13-80-103(1)(a).  Plaintiff alleges in Count 8 that Defendant TERI "made its

intentions clear regarding destruction of Plaintiff's reputation when, on or about January 14,

1994 . . . ."  (Compl., ¶ 371.)  Plaintiff also asserts that Defendant TERI intended to harm his

reputation with the filing of the 1998 suit in Boulder County District Court and the Rule 69

motion.  (*Id.*, ¶ 373.)  Plaintiff asserts he "inadvertently discovered the Rule 69

filing" in August 2001.  (Id., ¶ 353.)  Plaintiff was required to bring any claim for libel or

defamation within one year of the publication of a challenged statement.  *Sieverding v. Colorado*

*Bar Ass'n*, No. 02–M0001950–OES, 2003 WL 22400218, at *24 (D. Colo. Oct. 14, 2003) (citing

*Russell v. McMillen*, 685 P.2d 255, 258 (Colo. App.1984) (holding that a cause of action in libel

"accrues when the defamatory statements are published"); *Even v. Longmont United Hosp.*

*Ass'n*, 629 P.2d 110, 1103 (Colo. App. 1981) (same)).  Accordingly, Plaintiff's right to bring a

claim for defamation against the defendants expired, at the latest, in August 2002, well before he

filed his complaint in this case.  As Plaintiff's defamation claim is barred by Colorado's statute

of limitations, it is properly dismissed.

### G.      Extreme and Outrageous Conduct and Exemplary Damages Claims

Outrageous conduct is an independent tort which, if proved, entitles the plaintiff to

compensatory damages.  *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo. 1988).  In an

action for breach of contract, exemplary damages are not available.  *Mortgage Finance, Inc. v.*

*Podleski*, 742 P.2d 900 (Colo. 1987). A claim for punitive damages is not a separate and distinct

cause of action; rather, it is auxiliary to an underlying claim for actual damages. *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 213 (Colo. 1984.)  Therefore, as this court has found that all of Plaintiff's underlying claims for damages are barred by the applicable Colorado statutes of limitations, Plaintiff's outrageous conduct and exemplary damages claims are barred as well.

### H.    *Claims Involving Multiple Theories*

In those instances in which a claim may be pursued on two theories having different limitations on actions, the longer limitation applies. *Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152, 161 (Colo. App. 1995) (citing *Jones v. Cox*, 828 P.2d 218 (Colo.1992)).  Accordingly, to the extent Plaintiff may argue his claims are asserted under fraud or contract theories, the longer three-year statute of limitations applies, and all of Plaintiff's claims would still be barred by the Colorado statute of limitations.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that  "Defendant KeyBank National Association's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 18) be GRANTED, and that the Plaintiff's claims against Defendant KeyBank be dismissed in their entirety, with prejudice.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of June, 2009

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge