IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01393-WYD-KMT

MICHAEL PAUL CONRAD,

      Plaintiff,

v.

THE EDUCATION RESOURCES INSTITUTE, a Massachusetts corporation; and KEY BANK, N.A., f/k/a SOCIETY BANK, f/k/a AMERITRUST NATIONAL ASSOCIATION, an Ohio corporation,

      Defendants.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

I.    <u>INTRODUCTION</u>

      This matter is before the Court on Defendant KeyBank National Association's Motion to Dismiss Plaintiff's Complaint (Doc. # 18 filed November 24, 2008) [hereinafter referred to as "KeyBank's Motion to Dismiss"].  This motion was  referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated July 18, 2008, and Memorandum of November 24, 2008.

      Magistrate Judge Tafoya issued a  Recommendation on June 30, 2009, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Tafoya recommends therein that KeyBank's Motion to Dismiss be granted.  (Recommendation at 10.)  On July 23, 2009, Plaintiff filed a timely Objection after having been granted an extension of time to file same.  A response

to the Objection was filed on July 30, 2009. Plaintiff's Objection necessitates a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.  BACKGROUND

As noted in the Recommendation, this case involves claims for violations of the Colorado Fair Debt Collection Practices Act as well as common law claims of fraud, negligent misrepresentation, abuse of process, defamation, intentional infliction of emotional distress, intentional interference with contractual obligations, breach of contract, malicious prosecution, and conversion. (Recommendation at 1.) Plaintiff is proceeding *pro se*. The claims relate to student loans that Plaintiff obtained in the amounts of $13,500 and $3,500 respectively for which Plaintiff executed Promissory Notes in favor of Ameritrust Company National Association (succeeded in interest by KeyBank). (*Id.* at 2.)

The Recommendation outlines the history of this case, including efforts to attempt to collect the amounts due from Plaintiff under the loans by The Education Resources Institute ("TERI"). TERI purchased the loans from KeyBank in August 1993, apparently under the terms of a guarantee agreement. A Stipulation was allegedly entered into in December 1998 between Plaintiff and TERI regarding the student loans and court costs. Beginning in May 2000, Plaintiff asserts that he attempted to consolidate his student loans and that TERI's attorney did not send financial records necessary for the consolidation.

Plaintiff alleges ethical violations by TERI's attorney that appear to have nothing to do with KeyBank. Plaintiff further alleges his alleged discoveries of "fraud in the Stipulation" regarding the balance initially represented to be owed by the Plaintiff under the Stipulation.

Plaintiff also details the history of the judgment entered against him by TERI for his default on the Stipulation, the garnishment of his bank accounts by Defendants, alleged ethical violations related to the garnishments, and "bank/lending fraud".

Defendant TERI was served on October 3, 2008 (Doc. No. 10). On April 10, 2009, TERI filed a Suggestion of Bankruptcy pursuant to 11 U.S.C. § 101 and in accordance with 11. U.S.C. § 4. (Recommendation at 3.) The case against TERI was stayed by Order filed July 30, 2009 pursuant to title 11 of the United States Code, 11 U.S.C. § 101 et. seq., and in accordance with 11 U.S.C. § 362, the automatic stay provision.

Defendant KeyBank moves to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff does not assert any claims against KeyBank; (2) Plaintiff fails to specifically assert claims against Defendants in a manner sufficient to provide KeyBank fair notice of Plaintiff's claims; (3) the Complaint fails to plead fraud with particularity; (4) the Colorado Fair Debt Collection Practices Act does not apply to original lenders such as KeyBank; and (5) Plaintiff's claims are barred by the statute of limitations. (Recommendation at 4.) As noted above, Magistrate Judge Tafoya finds that the motion should be granted.

More specifically, Magistrate Judge Tafoya first finds that the Complaint should be dismissed against KeyBank for Plaintiff's failure to comply with Fed. R. Civ. P. 8(a). (Recommendation at 7.) She notes that Plaintiff references KeyBank and its predecessors Ameritrust National Association and Society Bank (also referred to as the "original lender") seven times in his sixty-five-page Complaint. (*Id.* at 8.) She finds these allegations to be "insufficient under Rule 8(a) as they are, at the very least, unspecific." (*Id.*) "Plaintiff has failed to explain what KeyBank did to him; when KeyBank did it; how KeyBank did it; how the KeyBank's action harmed him; and, what specific legal right the plaintiff believes

KeyBank violated." (*Id.*) In other words, she finds that Plaintiff failed to plead facts which would allow the court to draw the reasonable inference that KeyBank is liable for the misconduct alleged. (*Id.* at 9.) Accordingly, Magistrate Judge Tafoya concludes that Plaintiff's claims against KeyBank are properly dismissed for failure to state a claim upon which relief can be granted. (*Id.*)

Magistrate Judge Tafoya also finds that Plaintiff's fraud claims do not specifically identify any defendants who may have committed fraud sufficient to satisfy Rule 9. (Recommendation at 10.) "Plaintiff's conclusory allegations that "Defendant" or "Defendants" committed fraud is insufficient." (*Id.*) Accordingly, the Recommendation concludes that Counts 1 through 3 and 47 asserted as claims for fraud are properly dismissed for failure to state a claim upon which relief can be granted. (*Id.*)

Finally, Magistrate Judge Tafoya finds that all the claims in the case are barred by the statute of limitations. Specifically, she finds as to the claims under the Colorado Fair Debt Collection Practices Act ["CFDCPA"] that Plaintiff fails to allege any conduct related to these claims that took place later than September 2002. (Recommendation at 11.) Accordingly, she finds that Plaintiff's CFDCPA claims, which are governed by a one year statute of limitations, are barred by the statute of limitations. (*Id.* at 11-12.)

As to the fraud claims, which are governed by a three year statute of limitations, Magistrate Judge Tafoya finds that these claims should be dismissed because Plaintiff did not alleged any fraudulent conduct that took place beyond January 6, 2003, the date he admits he discovered the alleged fraud. (Recommendation at 13-16.) She further finds that Plaintiff's equitable tolling argument should be rejected because "Plaintiff has alleged

no wrongful conduct committed by any defendant which may have prevented him from timely filing his fraud claims against them." (*Id.* at 13.)

Similar findings were made as to the tort and contract claims, governed by a two and three year statute of limitations, respectively. (Recommendation at 13-16.) Magistrate Judge Tafoya finds that these claims accrued at the very latest in January or June 2003 and are thus time barred. (*Id.* at 14-16.) As to the defamation/libel claim, governed by a one year statute of limitations, the Recommendation finds that the claim expired at the latest in August 2002 and is also time barred. (*Id.* at 17.) Finally, the Recommendation finds that because all of the underlying claims for damages are barred by the Colorado statutes of limitations, Plaintiff's outrageous conduct and exemplary damages claim are barred as well. (*Id.* at 18.)

"Plaintiff's Responsive Objection to Magistrate Tafoya's Recommendation" [hereinafter "Objection"] was filed on July 23, 2009. As to the statute of limitations, Plaintiff appears to address only the fraud claim. Accordingly, he has waived his right to seek de novo review of the other claims that Magistrate Judge Tafoya found were barred. As to those claims, I find no error in connection with the findings in the Recommendation and affirm the dismissal of those claims on the grounds that they are barred by the statute of limitations.

As to the fraud claim, Plaintiff argues that to the extent the Recommendation states that Plaintiff knew of the fraud in January 2003, "any knowledge was not absolute." (Objection at 1.) He states that after he discovered the "Montana State/Washington University" notations in January 2003, which the Recommendation found commenced the running of the statute of limitations, it took time for Plaintiff to investigate the fraud and build

-5-

a proper case.  (*Id.* at 2.)  He further asserts, among other things, that he was overly diligent and prudent in attempting to resolve this matter without the need for litigation, that there was concealment and non-disclosure of the truth, that the wrongs by Defendants continued through April 2009 when information requested by Plaintiff was finally disclosed, and that KeyBank was given fair notice as early as May 2005 of lending fraud.  (Objection at. 3-5, 11.)

I find that these arguments do not toll the statute of limitations or provide a basis to overturn the findings in the Recommendation.  As Magistrate Judge Tafoya noted, Plaintiff has not and cannot dispute the fact that he alleges in the Complaint that he discovered the alleged fraud in the stipulation no later than at a hearing on January 6, 2003.  (Comp. at 4, 26-30, 33.)  He further alleges that upon discovery of that fraud, he initiated a formal complaint with the United States Attorney's office in Denver in July 2003.  (*Id.* at 32.)  From these allegations it is clear that Plaintiff knew in early 2003 of both the injury and its cause, and knew the facts essential to the cause of action.  *See Skyland Metropolitan Dist. v. Mountain West Enterprise, LLC*, 184 P.2d 106, 127 (Colo. Ct. App. 2007);  *Winkler v. Rocky Mountain Conference of the United Methodist Church*, 923 P.2d 152, 158 (Colo. Ct. App. 1995).  Indeed, he had sufficient information in 2003 to file a complaint.  Accordingly, the cause of action for fraud began to accrue in January 2003 (or at the very latest in July 2003 when he filed a complaint with the United States Attorney's office) and was barred in 2006, well before this action was filed.

Further, Plaintiff has still not shown that equitable tolling applies.  That is because he has still not shown any specific facts which would demonstrate that Defendants somehow prevented him from timely filing his claims.  *See Redmond v. Chains, Inc.*, 996

-6-

P.2d 759, (Colo. Ct. App. 2000) (statute of limitations may be tolled when there is a showing of active deception on defendant's part); *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. Ct. App. 2000) (equitable tolling applies where the defendant's wrongful conduct prevented plaintiff from asserting the claims in a timely manner); *Chasteen v. Unisia Jecs Corp.*, 216 F.3d 1212, 1220 (10th Cir. 2000) (same). It is the plaintiff's burden to establish that the defendant's actions prevented him from filing a timely claim. *Sandoval v. Archdiocese of Denver*, 8 P.3d 598, (Colo. Ct. App. 2000). While Plaintiff alleges that Defendants did not timely disclose information that he requested, he has not shown any prejudice as a result or how the Defendant's actions prevented him from filing his claim.

Further, even if the fraud and other claims were not barred by the statute of limitations, I still find that dismissal of the claims would be appropriate. Plaintiff has failed to refute Magistrate Judge Tafoya's findings that Plaintiff failed to plead fraud with particularity as required by Fed. R. Civ. P. 9, in that the allegations of the Complaint do not specifically identify any defendants who may have committed fraud sufficient to satisfy Rule 9. (*See* Recommendation at 10.) Further, I find that despite Plaintiff's arguments to the contrary in the Objection, Plaintiff has still not satisfied the requirements of Fed. R. Civ. P. 8 in connection with KeyBank.

On that issue, Plaintiff asserts that his Complaint alleges that "Defendant KeyBank knew that the conditional promissory notes had not been used as loan instruments and that Defendant TERI (and those hired by TERI) assisted in furthering the fraud alleged in the complaint." (Objection at 8-9.) He further asserts that the Complaint "uses the collective term 'Defendants' to apply to any and all parties hired by the Defendants, together with the acts and statements of all parties based on joint and several liability in a conspiratorial

-7-

context." (*Id.* at 9.)  Plaintiff also argues that the Complaint alleges lending fraud, and that KeyBank "fits the role of the 'lender" and therefore, every averment of the Complaint, from beginning to end, reverts back to the original cause of action - lending fraud and to the alleged lender, KeyBank." (*Id.* at 11.)   Finally, he states that the acts and statements of TERI and others, in whole or in part, should all be attributed to the original cover up of the lending fraud begun by KeyBank.  (*Id.*)

Although I have considered Plaintiff's arguments, my analysis of the Rule 8 issue must look to the allegations of the Complaint, not to arguments made by Plaintiff in his Objections that seek to bolster the Complaint.  Plaintiff has still not shown that the Complaint explains what KeyBank did to him, when KeyBank did it, how KeyBank did it, how the actions of KeyBank harmed him, and what specific legal right Plaintiff believes KeyBank violated, as required by the Tenth Circuit.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   His allegations against KeyBank are conclusory, and do not provide the detail required to give KeyBank fair notice of the claims against it.  Accordingly, I also overrule Plaintiff's objections as to this issue.

As to other objections, Plaintiff notes certain alleged factual mistakes in the Recommendation (Obj. at 9-11), but does not state how such alleged mistakes impact the Recommendation to grant KeyBank's Motion to Dismiss.  Further, Plaintiff refers to the fact that the discovery deadline was recently extended for the parties "to file newly discovered information" (Objection at 1).  However, this deadline expired on July 13, 2009, and Plaintiff did not identify any discovery that is pertinent to KeyBank and/or the Recommendation. Finally, I have considered all other arguments in the Objection and find no basis to overrule

the Objection. The objections do not properly address and/or remedy the flaws in the Complaint identified in the Recommendation.

Accordingly, for the reasons stated above, it is

ORDERED that Plaintiff's Objections to Magistrate Judge Tafoya's Recommendation (Doc. # 49) are **OVERRULED**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge filed June 30, 2009 (Doc. # 45), is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant KeyBank National Association's Motion to Dismiss Plaintiff's Complaint (Doc. # 18) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE** in its entirety, including claims against The Education Resources, Institute, Inc. which were previously stayed.

Dated: August 13, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge